**CITY OF CLEVELAND**

**v.**

**HANG.**

Cleveland Municipal Court, Ohio,
Cuyahoga County.

No. 97 CRB 015747.

Decided Dec. 5, 2000.

---

*Lauren C. Moore*, Chief City Prosecutor, for the city of Cleveland.

*Brian M. Fallon*, for defendant.

48

RONALD B. ADRINE, Judge.

The defendant, Ta Hang, was originally charged with assault, in violation of Cleveland Municipal Code ("CMC") 601.03, a misdemeanor of the first degree. On July 24, 1997, as a result of plea negotiations, the complaint was amended to reflect a charge of attempted assault. The defendant pleaded no contest to the amended charge. The court accepted her plea and sentenced her to ninety days in jail. That sentence was suspended, and the defendant was placed on inactive (nonreporting) probation for a period of one year. The defendant successfully completed the probationary period without incident.

On August 28, 2000, defendant made application to this court to seal the record of her conviction, pursuant to the provisions of R.C. 2953.32. That section of the Revised Code provides that a court may seal the record of an offender's conviction if the court finds:

(1) The applicant was a first offender.

(2) There are no other criminal proceedings pending against the applicant.

(3) The applicant has been rehabilitated to the satisfaction of the court.

(4) The prosecution has filed no objection to the application, or that, after due consideration, the prosecution's objections to the application are not well taken.

(5) After weighing the interest of the applicant in having the record sealed against the legitimate needs, if any, of the government to maintain those records, the interests of the applicant are not outweighed.

(6) The records of the conviction in question are not subject to one of the specific exclusions provided for in the statute.

The defendant submits that this case and her conduct subsequent to her conviction of the charge herein meet the criteria set forth in the statute for the relief sought.

On December 22, 1999, the Governor signed into law the provisions of Am.Sub.S.B. No. 13, modifying the provisions of R.C. 2953.32 et seq. Among other things, that bill enacted R.C. 2953.36(C), specifically prohibiting the courts from sealing the record of any first offender convicted of "an offense of violence when the offense is a misdemeanor of the first degree." These amendments took effect on March 23, 2000.

The statutory definition of an "offense of violence" encompasses CMC 621.03(a), the city of Cleveland's assault ordinance. R.C. 2901.01(A)(9)(b).

The defendant argues, however, that she was not convicted of a violation of CMC 601.03(a), but rather of an *attempted* violation of that ordinance. Thus, she reasons, because the offense that she was ultimately convicted of was a misde-

meanor of the second degree rather than of the first degree, she is exempted from the operation of the provisions of R.C. 2953.32 *et seq.*, as amended by Am.Sub.S.B. No. 13.

Before determining the efficacy of the defendant's argument, this court notes that the Ohio Supreme Court has held that " 'expungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon* (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041, 1042, quoting *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669, 672. Thus, expungement should be granted only when all requirements for eligibility are met. *Id.*

■ Whether an applicant for the privilege of expungement meets all of the requisite criteria for eligibility is gauged not by the plea ultimately entered, but rather by the court's review of the events that resulted in the initiation of the original charges.

In *Simon*, the offense originally charged included an allegation that the crime was committed while the defendant was armed with a firearm. Thus, the offense as charged was nonprobationable, and nonprobationable offenses are specifically excluded from the operation of the expungement statute. R.C. 2953.36.

The defendant in *Simon*, however, negotiated a plea to an amended charge that did not include the firearm specification. As a result of his plea negotiation, the defendant was ultimately convicted of an offense that was probationable, and the trial court in fact placed him on probation.

After successfully completing his probationary period and the passage of the time prescribed by statute, the defendant made application for the expungement of his record. The trial court granted the defendant's application to have the record of his conviction sealed. The state appealed, and the trial court's judgment was reversed by the court of appeals, which found that the defendant was ineligible to have his record sealed. The defendant thereafter appealed to the Ohio Supreme Court.

In affirming the court of appeals' finding that the defendant was ineligible to have his record sealed, the Supreme Court said, "Even though [the defendant] may have avoided the firearm specifications by the plea bargain * * *, the record clearly reveals that defendant was 'armed with a firearm' when he committed the offense." *Simon*, 87 Ohio St.3d at 534, 721 N.E.2d at 1043.

The Supreme Court went on to say that "when considering whether an applicant is ineligible to have a conviction sealed under R.C. 2953.36 * * *, a trial judge must examine the entire record * * *." *Id.*, 87 Ohio St.3d at 535, 721 N.E.2d at 1044. The court even went further to say, "In some cases, it may not be [readily] apparent from the record * * * and further inquires outside the record may be necessary." *Id.*

**50**

Finally, the *Simon* court declared that in deciding eligibility for expungement, the trial court "should not turn a blind eye" to the existence of a disqualifying factor "simply because it was dropped in plea bargaining." *Id.*, 87 Ohio St.3d at 534, 721 N.E.2d at 1043.

 In the case at bar, the facts presented to the court were sparse. In fact, the only facts before the court were those contained on the written form presented to the court by the Cleveland Police Department to facilitate a determination of probable cause following the defendant's arrest on the original charge. The following statement, signed by the complainant constituted the totality of those facts:

"On 5-18-97, Ta Hang came into my house and began hitting me several times."

At the time of her plea, defendant stipulated to a finding of guilty as to the amended complaint. No further facts concerning the actual events in question came before the bench.

The court has reviewed the "entire record" in the instant case. *Simon*, 87 Ohio St.3d at 534, 721 N.E.2d at 1044. Applying the Supreme Court's holding in *Simon* to the facts at bar, we find that the facts here, unlike the facts in *Simon*, do not "clearly reveal" (*Simon*, 87 Ohio St.3d at 534, 721 N.E.2d at 1043) that the defendant herein, plea bargain notwithstanding, committed a disqualifying "offense of violence." Consequently, it appearing that the defendant qualifies in all other respects for the relief sought, this court finds no impediment to granting defendant's application to seal the record of this conviction.

### Judgment Entry

Defendant's application to seal the record is well taken and is, therefore, granted.

*Application granted.*