OPINION
{¶ 1} State of Ohio, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted application for sealing of record of Ronnie L. Norfolk, defendant-appellee.
 {¶ 2} In 1983, appellee was indicted on one count of gross sexual imposition, a third-degree felony pursuant to R.C. 2907.05. The indictment alleged that appellee purposely compelled an eight-year-old girl to submit to sexual contact with him. Appellee pled guilty to attempted gross sexual imposition, a first-degree misdemeanor. The element of the victim's age was dismissed pursuant to the plea agreement.
 {¶ 3} On October 14, 2003, appellee filed an application for sealing of record pursuant to R.C. 2953.32. On April 30, 2004, the state filed an objection. On June 1, 2004, the trial court granted appellee's application. The state appeals the judgment of the trial court, asserting the following assignment of error:
The trial court erred when it granted defendant's application for expungement as defendant was ineligible under R.C. 2953.36(c) and (d).
 {¶ 4} The state argues in its assignment of error that the trial court erred in granting appellee's application for sealing of record. Generally, this court reviews a trial court's disposition of an application for sealing of record for an abuse of discretion. State v.Hilbert (2001), 145 Ohio App.3d 824, 827. An abuse of discretion is more than an error of law of judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. State v. Derugen (1996),110 Ohio App.3d 408, 410.
 {¶ 5} The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right. State v. Simon
(2000), 87 Ohio St.3d 531, 533. Thus, expungement should only be granted when all requirements for eligibility are met. State v. Hamilton (1996),75 Ohio St.3d 636, 640.
 {¶ 6} In the present appeal, the state presents two arguments as to why the trial court erred in granting appellee's application for sealing of record. One of the state's arguments is that appellee was precluded by R.C. 2953.36(D) from obtaining an expungement because the victim of his offense was a minor. R.C. 2953.36(D) precludes the sealing of records for applicants who have "[c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony[.]"
 {¶ 7} In his brief, appellee presents no argument as to the merits of the state's argument. Rather, appellee contends that the state waived this argument by failing to present it at the trial court level. We disagree. The state did, in fact, raise in both its objection and at the hearing that appellee was precluded from expungement because the victim of his offense was a minor. In its objection, the state argued:
* * * To be eligible to have a record of conviction sealed the applicant [sic] Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony cannot be expunged, R.C.2953.36 (D). The expungement investigation indicates that the applicant has a felony conviction for the offense of Attempted Gross Sexual Imposition. The victim of the offense was eight (8) years old.
At the hearing on the application, the state argued:
* * * However, Your Honor, if there was an age specification as part of the indictment, it probably means there was at least a juvenile or underage person involved in that case.
(Tr. 4.) Further, at the same hearing, counsel for appellee acknowledged the state's argument pursuant to R.C. 2953.36(D), arguing:
* * * And furthermore, this charge was amended as a part of this arrangement by removing the age specification that Ms. Shaner makes reference to. Consequently, her argument, I think, was based on a misunderstanding as to the facts of the plea.
(Tr. 3.) Therefore, it is evident from the record that the state raised this argument at the trial court level, and, thus, there is no waiver of the issue before this court.
 {¶ 8} As to the merits of the state's argument on this ground, the record is clear that appellee was originally indicted on one count of gross sexual imposition, a third-degree felony under R.C. 2907.05, and the indictment alleged that appellee purposely compelled an eight-year-old girl to submit to sexual contact with him. The record is also clear that appellee pled guilty to attempted gross sexual imposition, a first-degree misdemeanor, and, in exchange for his having pled guilty, the element of the victim's age was dismissed. The state asserts that, even though the victim's age specification was dismissed pursuant to the plea agreement, R.C. 2953.36(D) still precludes appellee's application for sealing of his record based upon the age of the victim.
 {¶ 9} In cases involving statutory construction, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used. Erb v. Erb (2001), 91 Ohio St.3d 503, 507, citingCleveland Elec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the syllabus. If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. State ex rel. Savarese v. Buckeye LocalSchool Dist. Bd. of Edn. (1996), 74 Ohio St.3d 543.
 {¶ 10} A review of R.C. 2953.36(D) reveals that the statute simply indicates that an applicant is ineligible for the sealing of his record when the victim is under the age of 18. The statute does not limit a trial court to consideration of only the elements of the offense to which the applicant pled guilty or indicate any other limitations. Thus, a plain reading of the statute suggests that this court conclude that the age of the victim may be considered in making a determination under R.C.2953.36(D), even if the age of the victim has been dismissed pursuant to a plea agreement.
 {¶ 11} With regard to the eligibility requirements contained in R.C.2953.36, the Supreme Court of Ohio has found that whether an applicant for the privilege of expungement meets all of the requisite criteria for eligibility is determined not only by examining the plea ultimately entered, but rather by also reviewing the events that resulted in the original charges. Simon, supra, at 533. In Simon, the applicant was originally charged with a firearm specification. Pursuant to a plea agreement, the state amended the charge to one that did not include the firearm specification, and the applicant was convicted of that charge. The Supreme Court of Ohio found that the applicant was ineligible to have his record sealed because the record clearly revealed that the applicant was armed with a firearm when he committed the offense. The court indicated that "[w]hen considering whether an applicant is ineligible to have a conviction sealed under R.C. 2953.36 * * * a trial judge must examine the entire record * * *." Id. at 532. The trial court "should not turn a blind eye" to the existence of a disqualifying factor "simply because it was dropped in plea bargaining." Id. at 534. The court even found that further inquiry outside the record may be necessary when the facts are not readily apparent from the record itself. Id. at 535. Other courts have relied upon Simon for the same proposition. See, e.g., Statev. Milavec (July 5, 2001), Cuyahoga App. No. 79235 (the record clearly revealed that a firearm was used in the commission of the offense, making the applicant ineligible to have her record of conviction sealed pursuant to R.C. 2953.36); Cleveland v. Hang (2000), 110 Ohio Misc.2d 47 (in determining the applicant's eligibility for expungement pursuant to R.C.2953.36, the court may review the events that resulted in the initiation of the original charges and is not limited by the plea entered).
 {¶ 12} Applying the Supreme Court of Ohio's holding in Simon to the facts in the present case, we find that the facts here clearly reveal that the victim in the crime for which appellee was convicted was under 18 years old. The state attached a copy of the original indictment to its objection filed with the court, which indicated that the victim was eight years old. Therefore, as the victim was under 18 years old and the conviction was for a first-degree misdemeanor, appellee was not entitled to have the record of his conviction for such crime sealed pursuant to R.C. 2953.36(D).
 {¶ 13} Insofar as the state also argues that appellee was not eligible to have his record sealed pursuant to R.C. 2953.36(C) because his offense was an offense of violence and a misdemeanor of the first degree, this issue is moot, given our determination above that appellee is ineligible pursuant to R.C. 2953.36(D). Therefore, the state's assignment of error is sustained.
 {¶ 14} Accordingly, the state's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions to enter judgment denying appellee's application for expungement.
Judgment reversed and remanded with instructions.
Bryant and Lazarus, JJ., concur.