[Cite as *State v. Barber*, 2013-Ohio-5281.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 CO 12 |
| V. | ) | |
| | ) | OPINION |
| BRYAN S. BARBER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 99CR96

JUDGMENT:   Affirmed

APPEARANCES:
For Plaintiff-Appellee   Timothy J. McNicol
Assistant Prosecuting Attorney
105 S. Market St.
Lisbon, Ohio 44432

For Defendant-Appellant   Attorney Peter Horvath
38294 Industrial Park Road
Lisbon, Ohio 44432

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: November 27, 2013

[Cite as *State v. Barber*, 2013-Ohio-5281.]
DONOFRIO, J.

{¶1} Defendant-appellant, Bryan Barber, appeals from a Columbiana County Common Pleas Court judgment overruling his motion for expungement of his conviction for corruption of a minor.

{¶2} In 1999, appellant pleaded guilty to one count of corruption of a minor, a fourth-degree felony in violation of R.C. 2907.04(A). The trial court sentenced him to 12 months in prison, suspended, and ordered him to five years of community control. The court also classified appellant as a sexually oriented offender, which placed on appellant the duty to register his address with the sheriff for ten years. Appellant was released from community control in 2005.

{¶3} On December 21, 2012, appellant filed a motion to expunge his conviction pursuant to R.C. 2953.32.

{¶4} The trial court denied the motion. It found that R.C. 2953.36 prohibits the sealing of appellant's record given the nature of his offense.

{¶5} Appellant filed a timely notice of appeal on March 4, 2013.

{¶6} Appellant sets out three assignments of error. They are all governed by the same standard of review.

{¶7} Appellate courts review a trial court's disposition of a motion to expunge and seal the record for abuse of discretion. *State v. Burnside*, 7th Dist. No.08 MA 172, 2009-Ohio-2653, ¶12. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶8} We will address appellant's assignments of error together as they are all resolved by the same analysis.

{¶9} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN NOT MAKING A FINDING THAT THE VICTIM WAS HARMED BEFORE IT FOUND THE APPELLANT INELIGIBLE FOR RELIEF UNDER THE EXPUNGEMENT STATUTE.

{¶10} Appellant cites to a case that involved an attempt to expunge an illegal conveyance or possession of a deadly weapon in a school safety zone conviction. *State v. Williamson*, 10th Dist. No. 12AP-340, 2012-Ohio-5384. He seems to assert the trial court was required to make some sort of finding that the victim was harmed before it denied his motion for expungement. This case does not apply here.

{¶11} Appellant's second assignment of error states:

A MINOR CHILD IS NOT *PER SE* A VICTIM WITH RESPECT TO THE STATUTORY PHRASE "CIRCUMSTANCES IN WHICH THE VICTIM OF THE OFFENSE WAS UNDER EIGHTEEN YEARS OF AGE." (REVISED CODE 2953.36) WHEN SHE IS A PARTICIPANT IN A SEXUAL ACT WHICH RESULTS IN THE INDICTMENT OF THE ADULT PARTICIPANT.

{¶12} Appellant cites a case that involved an attempt to expunge a conviction for attempted gross sexual imposition. *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336. The court held that because the victim in the case was under 18 years old and the conviction was for a first-degree misdemeanor, the offender was not entitled to have the record of his conviction sealed pursuant to R.C. 2953.36(D). *Id.* at ¶12. This case likewise does not apply here.

{¶13} Appellant's third assignment of error states:

A MINOR CHILD IS NOT PER SE A VICTIM WITH RESPECT TO THE STATUTORY PHRASE "CIRCUMSTANCES IN WHICH THE VICTIM OF THE OFFENSE WAS UNDER EIGHTEEN YEARS OF AGE." (REVISED CODE 2953.36) AND THEREFORE A FINDING THAT THE MINOR CHILD WAS HARMED IS REQUIRED BEFORE THE APPELLANT IS RULED INELIGIBLE FOR EXPUNGEMENT.

{¶14} Appellant again argues that he should be eligible for expungement of his record because there was never a finding in his case that his minor victim was

harmed.

{¶15} Appellant was convicted of corruption of a minor in violation of R.C. 2907.04(A). In 2000, after appellant's conviction, the statute was amended to change the name of the offense to unlawful sexual conduct with a minor. The current version of R.C. 2907.04(A) is identical to the former version of R.C. 2907.04(A).

{¶16} Appellant sought to have his record sealed pursuant to R.C. 2953.32. R.C. 2953.32(A)(1) provides that "an eligible offender" may apply to the sentencing court for the sealing of his or her conviction record. If convicted of a felony, the offender may make an application at the expiration of three years after the offender's final discharge. R.C. 2953.32(A)(1). An "eligible offender" includes "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction." R.C. 2953.31(A).

{¶17} In denying appellant's motion to seal his record, the trial court relied on R.C. 2953.36. This section is titled "Convictions precluding sealing." R.C. 2953.36 provides, in pertinent part:

> *Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following*:
> * * *
> (B) Convictions under section 2907.02, 2907.03, *2907.04*, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters[.]

(Emphasis added.)

{¶18} Pursuant to R.C. 2953.36, the record sealing provisions of 2953.32 do not apply to convictions for certain offenses. One of these offenses is a conviction under R.C. 2907.04. Appellant was convicted of violating R.C. 2907.04. Thus, the trial court did not abuse its discretion in denying appellant's motion to expunge his

record. In fact, had the court expunged appellant's record it would have been in violation of R.C. 2953.36.

**{¶19}** At oral argument, appellant asserted the trial court should have first held a hearing on this matter and gathered information on the specifics of the crime, including the ages of appellant and the victim and whether the victim was harmed. These arguments, however, are ones to be brought before the Legislature. The statute is unequivocal that appellant's conviction is not eligible for expungement.

**{¶20}** Accordingly, appellant's assignments of error are without merit.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.