[Cite as *State v. Wilson*, 2014-Ohio-1807.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | Nos. 13AP-684 |
| | | (C.P.C. No. 13EP-98) |
| v. | : | and |
| | | No. 13AP-685 |
| Patrick Wilson, | : | (C.P.C. No. 13EP-99) |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on April 29, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellant.

*Patrick Wilson,* pro se.

APPEALS from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, the State of Ohio ("state"), appeals from the judgments of the Franklin County Court of Common Pleas sealing the record of a felony conviction and the record of a no bill entered against defendant-appellee, Patrick Wilson. Because (1) defendant is not an eligible offender under R.C. 2953.31(A), and (2) defendant failed to present evidence to establish his interest in having the record of the no bill sealed, we reverse the judgment and remand the case to the trial court.

I. FACTS & PROCEDURAL HISTORY

{¶ 2} On January 29, 2013, defendant filed two applications to seal the record. Under case No. 13EP-98, defendant filed an application pursuant to R.C. 2953.32, asking that the court seal the record of his conviction for aggravated trafficking in drugs, a felony of the third degree, in case No. 83CR-60B. The memorandum in support of the

application noted simply that defendant was an eligible offender under R.C. 2953.31, that more than three years had lapsed since his conviction, and that defendant otherwise satisfied the requirements of R.C. 2953.32 for granting the application. Defendant was convicted of the aggravated trafficking offense on May 26, 1983.

{¶ 3} Under case No. 13EP-99, defendant filed an application pursuant to R.C. 2953.52, asking that the court seal the record of the no bill, which was returned by the grand jury in case No. 83CR-61. The memorandum in support of the application noted that no criminal proceedings were pending against defendant, that more than two years had passed since the foreman of the grand jury reported the no bill to the court, and that all other R.C. 2953.52(B)(2) factors supported granting the application. The record demonstrated that the grand jury returned the no bill in case No. 83CR-61 on February 10, 1983. The entry of no bill states that case No. 83CR-61 was re-indicted under case No. 83CR-60B.

{¶ 4} The state filed objections to both applications on May 22, 2013. Regarding the application to seal the record of his conviction, the state asserted that defendant was not an "eligible offender," since his criminal history report showed that, in addition to the felony conviction at issue, defendant also had multiple convictions for operating a vehicle while under the influence of alcohol and/or drugs ("OVI"), and a conviction for petit theft. Regarding the application to seal the record of the no bill, the state asserted that it had a significant interest in maintaining the record of the no bill, as the records from case No. 83CR-61 supported the conviction in case No. 83CR-60B.

{¶ 5} The trial court held a hearing on both applications on July 31, 2013. Defendant did not appear for the hearing and, accordingly, did not present any evidence to support his interests in having the records sealed. Regarding the no bill, the court noted that the state had filed its objection "based on the state having significant interest in maintaining access to the records in this case." (Tr. 2.) The court, however, held that there was "nothing in the state's objection indicating [defendant] does not otherwise qualify for expungement." (Tr. 2.) The state noted that it was additionally objecting to the sealing of the record "based on Mr. Wilson's failure to appear and put forth a particularized need for that expungement." (Tr. 3.) Regarding the felony conviction, the court noted that there was "no indication that the defendant has done anything since 1983." (Tr. 3.) The court

orally granted both applications at the hearing and issued judgment entries sealing the records in both cases on August 5, 2013.

## II. ASSIGNMENTS OF ERROR

{¶ 6}    The state appeals, assigning the following errors:

> FIRST ASSIGNMENT OF ERROR:
> THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO SEAL THE RECORD OF A CONVICTION WHERE THE APPLICANT WAS NOT AN ELIGIBLE OFFENDER.
>
> SECOND ASSIGNMENT OF ERROR:
> THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPLICATIONS IN 13EP-98 AND 13EP-99, WHERE THE APPLICANT FAILED TO ESTABLISH ANY PARTICULAR NEED.

## IV. FIRST ASSIGNMENT OF ERROR – R.C. 2953.32

{¶ 7}    The state's first assignment of error asserts the trial court erred in granting defendant's application to seal the record of his conviction in case. No. 83CR-60B as defendant is not an "eligible offender," and accordingly is not entitled to have the record of his conviction sealed. We agree.

{¶ 8}    " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' " *Koehler v. State,* 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith,* 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Neither the United States nor Ohio Constitutions endows one convicted of a crime with a substantive right to have the record of a conviction expunged. *Koehler* at ¶ 14, quoting *State v. Gerber,* 8th Dist. No. 87351, 2006-Ohio-5328, ¶ 9. "Rather, ' "[e]xpungement is an act of grace created by the state" and so is a privilege, not a right.' " *Koehler,* quoting *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996).

{¶ 9}    In light of its nature, sealing should be granted only when all requirements for eligibility are met. *Simon* at 533. If an applicant is not an eligible offender, the trial court lacks jurisdiction to grant the application. *See In re Barnes,* 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 12. As a result, an order sealing the record of one who is not an

eligible offender is void for lack of jurisdiction and may be vacated at any time. *Id.* at ¶ 13; *State v. McCoy,* 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11. Whether an applicant is an eligible offender is an issue of law that we review de novo. *State v. Hoyles,* 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 10} As relevant herein, an "eligible offender" is "anyone who has been convicted of an offense in this state or any other jurisdiction and who has * * * not more than one felony conviction and one misdemeanor conviction." R.C. 2953.31(A). If an applicant is an eligible offender, then a trial court's treatment of an application to seal a conviction is reviewed under an abuse-of-discretion standard. *State v. Potts*, 11th Dist. No. 2011-T-0054, 2012-Ohio-741, ¶ 10, citing *State v. Shaffer*, 11th Dist. No. 2009-G2929, 2010-Ohio-6565, ¶ 15.

{¶ 11} The record demonstrates that defendant is not an eligible offender. Along with its objection filed in case No. 13EP-98, the state also filed a confidential disclosure containing defendant's criminal record. The criminal record report reveals that, in addition to his 1983 felony conviction for aggravated trafficking in drugs, defendant has an OVI conviction from May 23, 1985, an OVI conviction from January 24, 1985, and an OVI conviction from August 24, 1982. The report also reveals that defendant has a petit theft conviction from October 5, 1982. A conviction under R.C. 4511.19 for OVI shall be considered a conviction for purposes of R.C. 2953.31. R.C. 2953.31(A). Typically, an OVI conviction is a misdemeanor of the first degree. R.C. 4511.19(G). As defendant has three OVI convictions, one petit theft conviction, and a conviction for aggravated trafficking in drugs, he has more than one felony conviction and one misdemeanor conviction. Accordingly, defendant is not an eligible offender under R.C. 2953.31(A), and the trial court did not have jurisdiction to grant defendant's application.

{¶ 12} Based on the foregoing, we sustain the state's first assignment of error. As such, we vacate the judgment of the Franklin County Court of Common Pleas, entered in case No. 13EP-98, granting defendant's application to seal the record of his conviction.

**V. SECOND ASSIGNMENT OF ERROR – R.C. 2953.52**

{¶ 13} R.C. 2953.52(A) permits any person who has been found not guilty by a jury, who is the defendant named in a dismissed indictment, or against whom the grand

jury enters a no bill, to apply to the court for an order sealing the official records of the case. R.C. 2953.52(B) provides, in relevant part, as follows:

> (B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.
>
> (2) The court shall do each of the following, except as provided in division (B)(3) of this section:
>
> (a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;
>
> (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;
>
> (b) Determine whether criminal proceedings are pending against the person;
>
> (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 14} If a court determines that an applicant satisfies the requirements in 2953.52(B)(2), "the court shall issue an order directing that all official records pertaining

to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4).

{¶ 15} A reviewing court "will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion." *In re Dumas,* 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7, citing *State v. Haney,* 70 Ohio App.3d 135, 138 (10th Dist.1991). In considering an application under R.C. 2953.52, "the trial court is to '[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain [those] records.' " *In re Dumas* at ¶ 8, quoting R.C. 2953.52(B)(2)(d). *See also State v. Widder,* 146 Ohio App.3d 445, 447 (9th Dist.2001) (noting that,"[i]n denying an application to seal records pursuant to R.C. 2953.52, '[a] trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement' "). Accordingly, "R.C. 2953.52(B)(2)(d) contains a balancing test in which the trial court must engage," and a trial court "abuses its discretion in denying" or granting "an R.C. 2953.52 application without balancing the requisite factors." *In re Dumas* at ¶ 8. The burden is on the applicant to demonstrate that his interest in having the records sealed are equal to or greater than the government's interest in maintaining those records. *State v. Newton,* 10th Dist. No. 01AP-1443, 2002-Ohio-5008, ¶ 9.

{¶ 16} The trial court's entry sealing the record of the no bill states that the court found that the sealing of the record was "consistent with the public interest." (Entry Sealing the Record Pursuant to R.C. 2953.52.) This statement would seem to indicate that the trial court had balanced defendant's personal interests against the government's interest. *See State v. C.R.,* 10th Dist. No. 11AP-411, 2011-Ohio-6567, ¶ 9 (noting that the trial court's statement in its judgment entry that " 'the sealing of the record of the applicant's finding of not guilty * * * is consistent with the public interest' " indicated that the court had "balanced defendant's personal interest against those of the government, or public, interest").

{¶ 17} Although defendant stated in his application to seal the record of the no bill that "[a]ll other factors listed in R.C. 2953.52(B)(2) support granting this application," merely reciting the statutory requirements is insufficient to satisfy a defendant's burden to establish their interest in having the records of the case sealed.

*See In re: Application for Sealing of Record of Brown,* 10th Dist. No. 07AP-715, 2008-Ohio-4105, ¶ 13 (finding that the applicant failed to meet her burden to demonstrate need for sealing the record under R.C. 2953.52, where her written application merely stated that she met all the requirements of R.C. 2953.52). As defendant did not appear at the hearing, or otherwise present any evidence to demonstrate his interest in having the record of the no bill sealed, there is no evidence in the record to establish defendant's interest. Accordingly, defendant failed to meet his burden under R.C. 2953.52(B)(2)(d). *See Newton* at ¶ 9 (noting that the appellant failed to meet his burden under R.C. 2953.52(B)(2)(d) where his "written request merely state[d] that he [met] all the requirements of R.C. 2953.52," and, at the hearing on the application, "counsel for appellant did not set forth any particular need or present any evidence supporting appellant's interest in sealing the records"); *State v. Shaffer*, 11th Dist. No. 2009-G-2929, 2010-Ohio-6565, ¶ 30.

{¶ 18} As the trial court was obligated to balance defendant's interest in having the record sealed against the government's interest in maintaining those records, and defendant did not put forth any evidence to establish his interest, the trial court abused its discretion in granting defendant's application to seal the record of the no bill entered by the grand jury in case No. 83CR-61.

{¶ 19} Based on the foregoing, the state's second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas granting defendant's application to seal the record of the no bill entered in case No. 83CR-61 is vacated.

## VI. DISPOSITION

{¶ 20} Having sustained both of the state's assignments of error, we reverse the judgments of the Franklin County Court of Common Pleas and remand this cause to that court for proceedings in accordance with law and consistent with this decision.

*Judgments reversed; cause remanded.*

TYACK and KLATT, JJ., concur.

_____