[Cite as *State v. Porter*, 2014-Ohio-4068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-158 |
| v. | : | (C.P.C. No. 13EP-854) |
| Nancy Porter, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1}  Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas sealing the record of two felony convictions entered against defendant-appellee, Nancy Porter.[1]  For the reasons that follow, we reverse the judgment and remand the case to the trial court.

**I.  FACTS AND PROCEDURAL BACKGROUND**

{¶ 2}  On October 28, 2013, appellee filed an application, pursuant to R.C. 2953.32, asking that the trial court seal the record of her convictions for two counts of forgery, felonies of the fifth degree, in criminal case No. 07CR-1534.  Appellee was convicted of the offenses in July 2007.  The memorandum in support of the application noted simply that appellee was an eligible offender as defined in R.C. 2953.31, that more

---

[1] Nancy Porter did not file an appellate brief.

than three years had lapsed since her convictions, and that appellee otherwise satisfied the requirements of R.C. 2953.32 for granting of the application.

{¶ 3} The state filed an objection to the application. The state acknowledged appellee was an eligible offender; however, the state asserted the government had legitimate interests in maintaining appellee's record, which outweighed appellee's interests in having the record sealed. Specifically, the state argued appellee had, during a two-month time period, forged the name of her employer, an elderly person, to two checks in order to obtain the proceeds of those checks. The state argued the government had an interest in maintaining appellee's record given the seriousness of her conduct and the government's interest in maintaining records on crimes of dishonesty. The state noted appellee's "boilerplate" application failed to explain her interests in having the record sealed. (R. 21, 3.)

{¶ 4} The trial court held a hearing on the application on January 24, 2014. Appellee did not appear for the hearing. Subsequently, the trial court issued an entry sealing the record of appellee's convictions under R.C. 2953.32.

## II. ASSIGNMENT OF ERROR

> THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING AN APPLICATION TO SEAL A FELONY CONVICTION WHERE THE DEFENDANT FAILED TO DEMONSTRATE ANY PARTICULAR NEED.

## III. DISCUSSION

{¶ 5} Under its sole assignment of error, the state contends the trial court abused its discretion in granting the application to seal appellee's record because appellee failed to demonstrate her interests in having the record sealed was equal to or greater than the government's interests in maintaining the record.

{¶ 6} "An appellate court generally reviews a trial court's disposition of an application for an order sealing the record of conviction under an abuse of discretion standard." *State v. Evans*, 10th Dist. No. 13AP-939, 2014-Ohio-2081, ¶ 9, citing *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4. The phrase abuse of discretion connotes an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} "The sealing of a criminal record, also known as expungement, * * * is an 'act of grace created by the state.' " *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996), citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11. "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.' " *Id.*, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.

{¶ 8} R.C. 2953.32(A)(1) permits an eligible offender to apply for the sealing of a conviction record. If convicted of a felony, the application may be made at the expiration of three years after the offender's final discharge. R.C. 2953.32(A)(1). Upon the filing of an application, the trial court must, among other things, set a date for a hearing on the application and notify the prosecutor for the case of the hearing. R.C. 2953.32(B). "The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified." R.C. 2953.32(B).

{¶ 9} The court must also do each of the following:

> (a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.
>
> (b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) *Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.*

(Emphasis added.)  R.C. 2953.32(C)(1).

{¶ 10}  In addition, R.C. 2953.32(C)(2) provides:

*If the court determines,* after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, and *that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records,* and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in divisions (G) and (H) of this section, shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.

(Emphasis added.)

{¶ 11}  The focus of the state's appeal is on the balancing-of-interests requirement. The burden is on the applicant to demonstrate her interests in having the record sealed

are equal to or greater than the government's interests in maintaining those records. *Evans* at ¶ 8, citing *Koehler v. State*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 13 (indicating applicant has the burden of proof with regard to the balancing test in R.C. 2953.32); *State v. Wilson*, 10th Dist. No. 13AP-684, 2014-Ohio-1807, ¶ 15 (placing burden on applicant under R.C. 2953.52, which is analogous to R.C. 2953.32, to demonstrate her interests in having record sealed are equal to or greater than the government's interests in maintaining the record)[2]; *State v. Wilson*, 10th Dist. No. 06AP-1060, 2007-Ohio-1811, ¶ 8, quoting *State v. Reed*, 10th Dist. No. 05AP-335, 2005-Ohio-6251, ¶ 13 (stating in context of R.C. 2953.32 application that " '[t]here is no burden upon the state other than to object to an application for expungement where appropriate.' ").

{¶ 12} The trial court's entry sealing the record of appellee's convictions states that the sealing of the record is "consistent with the public interest." (R. 9.) This statement would seem to indicate the trial court balanced appellee's personal interests against the government's interests. *See Wilson*, 2014-Ohio-1807, at ¶ 16 (finding a similar statement a trial court made in granting an R.C. 2953.52 application suggested the trial court weighed the interests of the applicant and government).

{¶ 13} However, in the application to seal records, the only statement appellee made that could arguably implicate R.C. 2953.32(C)(1)(e) was that she "otherwise satisfies the requirements of R.C. 2953.32 for granting this application." (R. 1.) Merely reciting the statutory requirements is insufficient to satisfy an applicant's burden to establish her interests in having her record sealed. *See Wilson*, 2014-Ohio-1807, at ¶ 17, citing *In re Application for Sealing of Record of Brown*, 10th Dist. No. 07AP-715, 2008-Ohio-4105, ¶ 13 (similarly stating with regard to an application under R.C. 2953.52). Because appellee did not appear at the hearing on her application or otherwise present any evidence to demonstrate her interests in having the record of her convictions sealed, there is no evidence to establish appellee's interests. Accordingly, appellee failed to meet her burden. *See Reed* at ¶ 14, citing *State v. Suel*, 10th Dist. No. 02AP-1158, 2003-Ohio-3299,

---

[2] R.C. 2953.52 addresses the sealing of records after a not guilty finding, dismissal of a complaint, indictment or information, or entry of a no bill by a grand jury. R.C. 2953.52(A). In considering an application under R.C. 2953.52, similarly to R.C. 2953.32, the trial court must "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d). We have previously stated R.C. 2953.52 and 2953.32 are analogous. *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891, ¶ 11.

¶ 12-14 (stating "[t]here must be sufficient information in the record to support the trial court's decision to grant an application for expungement"); *Wilson*, 2014-Ohio-1807, at ¶ 17 (finding applicant failed to meet burden under R.C. 2953.52 where applicant merely cited the statutory requirements in his application and did not appear at the hearing or otherwise present evidence regarding his interests in having record of no bill sealed).

{¶ 14} As the trial court was obligated to balance appellee's interests in having the record sealed against the government's interests in maintaining the record, and appellee did not put forth any evidence to establish her interests, the trial court abused its discretion in granting appellee's application to seal her record of convictions. *See Wilson*, 2014-Ohio-1807, at ¶ 18 (similarly finding with regard to R.C. 2953.52 application). Accordingly, we sustain the state's sole assignment of error, reverse the trial court's judgment, and remand this cause to the Franklin County Court of Common Pleas for proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

CONNOR and DORRIAN, JJ., concur.

_____