[Cite as *State v. Hooks*, 2016-Ohio-3138.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-522 |
| v. | : | (C.P.C. No. 15EP-50) |
| Walter L. Hooks, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 24, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant. **Argued:** *Barbara A. Farnbacher*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio, from a judgment of the Franklin County Court of Common Pleas granting an application for expungement filed by defendant-appellee, Walter L. Hooks.

{¶ 2} On September 19, 2013, appellee was indicted on one count of patient abuse, in violation of R.C. 2903.34, a felony of the fourth degree. On December 11, 2014, the matter was tried to the bench and, following the presentation of evidence, the trial court made a finding of not guilty.

{¶ 3} On January 22, 2015, appellee filed a pro se application for an order sealing the record pursuant to R.C. 2953.52(A). In his memorandum in support, appellee asserted that he met all the requirements of R.C. 2953.52. On February 27, 2015, the state filed an objection to the application, asserting that appellee failed to demonstrate that his interest in sealing the record was equal to or greater than the government's interest in

maintaining it, and further arguing that appellee provided no reason for sealing the record.

{¶ 4} The matter came for hearing before the trial court on April 29, 2015. The transcript of the hearing indicates that appellee did not appear for the hearing. Specifically, the trial court noted on the record: "Unfortunately, the defendant is not here. But having these things with a record just by it's [sic] very nature is detrimental to individuals. I will take my chances with the prosecutor's office and grant it." (Tr. 2.) On April 30, 2015, the trial court filed an entry sealing appellee's record pursuant to R.C. 2953.52.

{¶ 5} On appeal, the state sets forth the following single assignment of error for this court's review:

> THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING AN APPLICATION TO SEAL A RECORD WHERE THE DEFENDANT FAILED TO DEMONSTRATE THAT HIS INTEREST WAS EQUAL TO OR OUTWEIGHED THE GOVERNMENT'S INTEREST IN MAINTAINING THE RECORD.

{¶ 6} Under its single assignment of error, the state asserts the trial court erred in granting appellee's application to seal a record under R.C. 2953.52. Specifically, the state argues that appellee submitted a boilerplate application, failed to appear at the hearing, and did not demonstrate that his interest in sealing the record outweighed the government's interest in maintaining it.

{¶ 7} Pursuant to the provisions of R.C. 2953.52(A)(1), "any person who has * * * been found not guilty of an offense may request that the records of those matters be sealed." *State v. Newton*, 10th Dist. No. 01AP-1443, 2002-Ohio-5008, ¶ 7. The sealing of criminal files and the expungement of criminal records "is a privilege, not a right." *State v. Moore,* 5th Dist. No. 2012CA00047, 2012-Ohio-4483, ¶ 16. An appellate court "reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion." *State v. Widder,* 146 Ohio App.3d 445, 447 (9th Dist.2001).

{¶ 8} R.C. 2953.52 states in part:

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case.

Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case * * *;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 9} Thus, upon the filing of a request for the sealing of records, "R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty[;] (2) determine whether criminal proceedings are pending against the applicant; and (3) determine whether the prosecutor filed an objection in accordance with

R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection." *Newton* at ¶ 7.

{¶ 10} Further, in considering an application under R.C. 2953.52, "the trial court is to '[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain the records.' " *In re Dumas,* 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 8, quoting R.C. 2953.52 (B)(2)(d). If the trial court determines that the defendant's interests in having the records sealed is "not outweighed by the government's interest in maintaining the records, then the trial court shall issue an order sealing the records." *Newton* at ¶ 7, citing R.C. 2953.52(B)(3). The burden is on the defendant to demonstrate that his interest in having the records sealed is "equal to or greater than the government's interest in maintaining those records." *Newton* at ¶ 9. *See also State v. Wilson,* 10th Dist. No. 13AP-684, 2014-Ohio-1807, ¶ 15.

{¶ 11} In the present case, appellee's memorandum in support of the application stated in part: "No criminal proceedings are pending against applicant. A dismissal of the former complaint or a finding of not guilty has been journalized by the court in the prior case[.] All other factors listed in R.C. 2953.52(B)(2) support granting this application." The trial court's entry sealing the record in this case states in part: "In accordance with Section 2953.52, Ohio Revised Code, the Court finds that there are no criminal proceedings pending against the applicant, * * * and that the sealing of the record of the applicant's **finding of not guilty**, in Criminal Case number **13CR-4991** is consistent with the public interest." (Emphasis sic.)

{¶ 12} This court has previously held that "merely reciting the statutory requirements is insufficient to satisfy a defendant's burden to establish their interest in having the records of the case sealed." *Wilson* at ¶ 17. In *Wilson,* this court held that where the defendant "did not appear at the hearing, or otherwise present any evidence to demonstrate his interest in having the record of the no bill sealed, there is no evidence in the record to establish defendant's interest." *Id.* We concluded, therefore, that the defendant "failed to meet his burden under R.C. 2953.52(B)(2)(d)." *Id.*, citing *Newton* at ¶ 9 (noting that the defendant failed to meet his burden where his "written request merely state[d] that he [met] all the requirements of R.C. 2953.52," and, at the hearing on his

application, "counsel for [the defendant] did not set forth any particular need or present any evidence supporting appellant's interest in sealing the records"). *See also In re Sealing of the Record of Brown,* 10th Dist. No. 07AP-715, 2008-Ohio-4105, ¶ 13 (the defendant failed to meet her burden of demonstrating a need for sealing record where her written application merely stated that she met all the requirements of R.C. 2953.52, and she did not provide any testimony or other evidence supporting her interest in sealing her criminal records).

{¶ 13} Based on precedent of this court, "[a] trial court abuses its discretion when it grants an application to seal a criminal record without sufficient information to support the trial court's findings." *State v. Draper,* 10th Dist. No. 14AP-791, 2015-Ohio-1781, ¶ 10, citing *Wilson* at ¶ 15, *State v. Porter,* 10th Dist. No. 14AP-158, 2014-Ohio-4068, ¶ 12-14, and *State v. Suel,* 10th Dist. No. 02AP-1158, 2003-Ohio-3299, ¶ 14.

{¶ 14} In the present case, appellee failed to "present testimony or any evidence" to demonstrate his interest in having his record sealed. *Draper* at ¶ 12. Rather, appellee "merely provided an application stating that [he] qualified for a sealing of records under R.C. 2953.52, and therefore failed to meet [his] burden of proof." *Id.* Under such circumstances, "the trial court had insufficient evidence before it to engage in the weighing process contemplated by R.C. 2953.52(B)(2)(d), much less grant an application to seal appellee's record." *Id.*

{¶ 15} The trial court appears to have recognized appellee did not meet his burden of providing sufficient information to demonstrate a need for sealing the record, as the court noted at the hearing that it would "take [its] chances with the prosecutor's office and grant [the application]." (Tr. 2.) However, because the trial court was "obligated to balance appellee's interests in having the record sealed against the government's interests in maintaining the record, and appellee did not put forth any evidence to establish [his] interests, the trial court abused its discretion" in granting the application. *Porter* at ¶ 14. *See also Draper* at ¶ 13 ("Because appellee failed to meet her burden under R.C. 2953.52 to provide information supporting her interest in sealing her records beyond asserting, without evidentiary support, that she qualifies for sealing under the statute, and based on precedent, we find the trial court abused its discretion in granting appellee's application to seal the records of her dismissed charges."); *Wilson* at ¶ 18 ("As the trial court was

obligated to balance defendant's interest in having the record sealed against the government's interest in maintaining those records, and defendant did not put forth any evidence to establish his interest, the trial court abused its discretion in granting defendant's application to seal the record of the no bill entered by the grand jury.").

{¶ 16} Accordingly, the state's assignment of error is sustained.

{¶ 17} Based on the foregoing, the state's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

DORRIAN, P.J., concurs.
TYACK, J., dissents.
––––––––––

TYACK, J., dissenting.

{¶ 18} Walter Hooks was found not guilty of patient abuse following a bench trial in 2014. The same judge who heard the evidence in 2014 was later asked to seal the record as authorized by R.C. 2953.52(A).

{¶ 19} I think the trial court judge could consider the content of the trial conducted before him and could take judicial notice of the fact that even having been charged with patient abuse as a felony could have a detrimental effect on Hooks.

{¶ 20} The State of Ohio alleges that it had an interest in maintaining the record. Does it really have an interest in demonstrating that it charged an innocent man with a felony?

{¶ 21} In its objection to the application for expungement, the state argued first that the harm to Hooks from his having had to face criminal charges is speculative and then argued that prospective employers had a right to know the details of the charges which led to an acquittal. Apparently, the state is maintaining that a charge against a man who was wrongly accused can be used to deny the man future employment opportunities.

{¶ 22} As an appellate court, we are supposed to use an abuse of discretion standard in evaluating the actions of the trial court in cases such as this. I believe the trial court judge could consider the evidence or lack of evidence presented at the trial. I also

believe that the harm faced by Hooks is far from speculative.  I certainly cannot find that the trial court judge abused his discretion in granting the expungement.

{¶ 23}  I respectfully dissent.