OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio (hereinafter "appellant"), appeals the judgment of the Marion County Court of Common Pleas, finding appellee, Raleigh L. Smith (hereinafter "Smith"), a "first offender" and granting Smith's motion to seal his record of conviction.
 {¶ 2} In 1992, while Smith was employed as a licensed pharmacist, he became dependent upon Hydrocodone, a pain-reliever and Schedule III controlled substance. To support his addiction, Smith began taking Hydrocodone products from the pharmacy where he was employed. Smith took Hydrocodone from the pharmacy on a daily basis for approximately seven years, until August 1999, when his theft was discovered.
 {¶ 3} Smith was indicted on September 8, 1999, in Case No. 99-CR-0227, for eight counts of Theft of Drugs, each count a violation of R.C. 2913.02 and a felony of the fourth degree. Following his indictment, Smith filed a motion with the trial court for treatment in lieu of conviction, pursuant to R.C.2951.041.
 {¶ 4} On February 10, 2000, an additional indictment was filed against Smith, in Case No. 00-CR-0046, for three counts of Possession of Drugs, in violation of R.C. 2925.11, each a felony of the fourth degree. These three counts were based on Smith's possession of Hydrocodone during three separate periods of time: April 1 to May 31, 1997, April 1 to May 31, 1998 and April 1 to May 31, 1999. Based upon statements made by Smith, these periods of time corresponded with Smith's highest periods of usage of Hydrocodone. The eight counts of Theft of Drugs and the three counts of Possession of Drugs were subsequently consolidated and captioned under Case No. 00-CR-0046.
 {¶ 5} On June 9, 2000, Smith's previous request for treatment in lieu of conviction was granted on the eight counts of Theft of Drugs. Smith, however, was ineligible for intervention in lieu of conviction on the three fourth degree felony possession charges. Smith subsequently entered a guilty plea to a reduced charge of three misdemeanor counts of Possession of Drugs and was sentenced to a prison term of 180 days, which was suspended in favor of a one-year period of probation.
 {¶ 6} Smith's treatment and probation were completed on January 10, 2002. Upon completion of his treatment program, the trial court ordered the eight counts of Theft of Drugs dismissed, pursuant to R.C. 2951.041. On October 1, 2003, Smith filed an Application for Expungement of Record, pursuant to R.C. 2953.32, and requested that his record of conviction on the three misdemeanor counts of Possession of Drugs be sealed.
 {¶ 7} A hearing on the application was held on November 25, 2003. Thereafter, on February 11, 2004, the trial court granted Smith's application, ordering that the record of proceedings in Case No. 00-CR-0046, as well as 99-CR-0227, be sealed.
 {¶ 8} It is from this decision that the appellant appeals, setting forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in granting an expungement of theDefendant-appellee's record of convictions, when he was not afirst offender, since he was convicted of three separate countsof possession of drugs which took place in three differentyears.
 {¶ 9} Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their first conviction sealed, should a court in its discretion so decide. State v. Heaton (1995),108 Ohio App.3d 38. Expungement is "an act of grace created by the state," and so is a privilege, not a right. State v. Simon,87 Ohio St.3d 531, 533, 2000-Ohio-474, quoting State v. Hamilton,75 Ohio St.3d 636, 639, 1996-Ohio-440. Moreover, only a "first offender" is eligible to have his record expunged. See R.C.2953.32. Therefore, once an application is made, the trial court must determine whether the applicant is a "first offender."
 {¶ 10} Pursuant to R.C. § 2953.31(A), "first offender" is anyone who has been convicted of an offense and who has not, previously or subsequently, been convicted of another offense. Further, the statute sets forth two instances in which two or more convictions can be considered as one conviction.
 {¶ 11} One situation occurs when "two or three convictions result from the same indictment, * * * plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time." R.C. 2953.31(A). As recognized by the trial court, Smith's three convictions for Possession of Drugs were based on his conduct during the periods of April 1 to May 31, 1997, April 1 to May 31, 1998 and April 1 to May 31, 1999. Because Smith's three convictions were not based on acts committed within a three-month period, this provision of R.C. 2953.31(A) is not at issue in the case sub judice.
 {¶ 12} The other situation where two more convictions shall be counted as one conviction is when the "two or more convictions result from or are connected with the same act or result from offenses committed at the same time." See R.C. 2953.31(A). The trial court determined that this provision was applicable to Smith's case, finding that, although the three convictions were not based on acts committed at the same time, they were "logically connected." The trial court reasoned that Smith's actions reflected not a "series of criminal offenses, but a single criminal adventure which could have been charged as one offense." See State v. Simpson (October 9, 1995), 12th Dist. No. CA95-03-009.
 {¶ 13} Appellant argues that the trial court erred in sealing Smith's records as his multiple convictions do not result from the same act, thereby precluding him from being classified as a "first offender." Appellant contends that each time Smith possessed a Hydrocodone product from his employer's inventory for his personal use, he committed a new offense. Appellant asserts that Smith did not possess all of the Hydrocodone product at one time and that each two-month period of possession for which he was convicted constituted a separate act. Further, appellant argues, there is no basis to merge the three counts to which Smith pled guilty. The issue before this court, therefore, is whether the three convictions for Possession of Drugs, based on conduct occurring over a period of three years, "result from or are connected with the same act." See R.C. 2953.31(A). In evaluating the appellant's claim that Smith is not a "first offender," we note that the determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. McGinnis (1993),90 Ohio App.3d 479, 481.
 {¶ 14} When different acts resulting in separate convictions are committed at different times, a defendant is not considered a "first offender." State v. Cresie (1993), 93 Ohio App.3d 67,68. Further, the fact that the charges against the defendant are disposed of in a single proceeding does not automatically lead to the conclusion that those charges merge into a single offense.State v. McGinnis (1993), 90 Ohio App.3d 479, citing State v.Saltzer (1985), 20 Ohio App.3d 277, 278.
 {¶ 15} In State v. Derugan (1996), 110 Ohio App.3d 408, we held that an offender, who had six convictions based on acts that occurred over a four-day period, was not a "first offender," as defined by R.C. 2953.31(A). Despite the fact the offenses could have been considered logically connected as being the result of the offender's drug dependency, we held that the convictions were separate and unrelated based on the fact they were committed at different times. Id.
 {¶ 16} Other courts have come to the same conclusion when offenses are committed at different times. In State v.Iwanyckyj (Oct. 14, 1993), 8th App. No. 65462, the court held that an offender, with two convictions for burglary and one conviction for robbery based on conduct occurring on consecutive days, was not a "first offender," reasoning that "offenses of like nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity." Likewise, the Ninth District Court of Appeals determined that an applicant was not a "first offender" where he was convicted of six counts of passing bad checks and the offenses occurred over a seven month period of time. State v.Radey (August 17, 1994), 9th App. No. 2293-M. In State v.Aggarwal (1986), 31 Ohio App.3d 32, 33, the sale of unregistered securities on three separate occasions, arising out of the same offering, did not merge into a single offense for purposes of statutory expungement.
 {¶ 17} After reviewing the particular circumstances of Smith's offenses, we determine that the three convictions for Possession of Drugs were separate offenses committed at separate times. Although Smith committed the same offense three times, the fact that the offenses were committed over a three-year period precludes Smith from being classified as a "first offender," as defined by R.C. 2953.31. Therefore, we hold that the trial court erred in concluding otherwise.
 {¶ 18} Accordingly, appellant's assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. II The trial court erred in expunging the record of theDefendantappellee's treatment in lieu of conviction for eightcounts of theft of drugs, when the application for expungementonly pertained to the Defendant-appellee's conviction for threecounts of possession of drugs.
 {¶ 19} As previously stated, Smith requested treatment in lieu of conviction on the eight counts of Theft of Drugs, pursuant to R.C. 2951.041. The trial court granted Smith's motion. Upon Smith's successful completion of the treatment program, the trial court dismissed the eight counts of Theft of Drugs pending against Smith by judgment entry dated January 10, 2002.
 {¶ 20} Appellant contends in this assignment of error that the trial court erred in ordering that the record of proceedings in Case No. 99-CR-0227, regarding the eight counts of Theft of Drugs, be sealed when Smith's application only requested that the record of his three convictions for Possession of Drugs be expunged. The appellant argues that without a written application, a hearing and notification to the prosecutor in advance, there is no authority for the trial court to grant a request for expungement. The appellant asserts that the trial court's order in this instance was overbroad.
 {¶ 21} R.C. 2951.041 provides an option for certain offenders to request intervention in lieu of conviction. If the trial court grants the request, the trial court establishes an intervention plan. See R.C. 2951.041 (D). If the trial court finds that the offender has successfully completed the intervention plan, the court shall dismiss the proceedings against the offender. See R.C. 2951.041(E). R.C. 2951.041(E) further provides:
Successful completion of the intervention plan * * * shall bewithout adjudication of guilt and is not a criminal convictionfor purposes of any disqualification or disability imposed by lawand upon conviction of a crime, and the court may order thesealing of records related to the offense in question in themanner provided in sections 2953.31 to 2953.36 of the RevisedCode.
 {¶ 22} Based on statute, therefore, the trial court has the authority to seal the record of an offender who has successfully completed an intervention program and against whom proceedings have been dismissed. Based on the language of R.C. 2951.041(E) that the court may order the records sealed in the "manner provided" by the expungement statutes, rather than language such as "pursuant to the procedure" of the statutes, we find that the legislature intended the trial court to have the authority to order the records sealed even without an application by the offender.
 {¶ 23} This intent is further evidenced by the language of the expungement statutes. R.C. 2953.32 provides that "a first offender may apply to the sentencing court if convicted in thisstate." Emphasis added. Because the successful completion of an intervention plan and subsequent dismissal of proceedings "is not a criminal conviction," pursuant to R.C. 2951.041(E), Smith would be precluded from applying for expungement by the terms of the statute. Therefore, we do not find that the trial court erred in ordering the record of Case No. 99-CR-0227, regarding the eight counts of Theft of Drugs, be sealed.
 {¶ 24} Appellant's second assignment of error is overruled.
 {¶ 25} We affirm the judgment of the trial court, in part, regarding the sealing of the record of Smith's treatment in lieu of conviction for eight counts of Theft of Drugs. Additionally, having found error prejudicial to appellant herein regarding the sealing of the record of Smith's three convictions for Possession of Drugs, we reverse in part and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part and CauseRemanded.
 Shaw, P.J. and Bryant, J., concur.