OPINION
{¶ 1} This matter comes for consideration upon Appellant's brief and the record in the trial court. Appellee did not file a brief in this matter. Appellant Carmen Garcia appeals the decision of the Youngstown Municipal Court denying her Application for Expungement. She claims the trial court erred by not holding a hearing and by failing to issue findings of fact. However, R.C. 2953.36 prohibits the expungement of violent offenses when they are first degree misdemeanors. Because Garcia was originally convicted of domestic violence in violation of R.C. 2919.25, a first degree misdemeanor, the trial court did not err in summarily dismissing her application for expungement.
 {¶ 2} On April 1, 1999, Garcia was convicted of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. Although she filed an application of expungement on August 29, 2003 claiming that she met all of the requirements of R.C. 2953.32, the trial court refused to seal the record of her conviction.
 {¶ 3} As her two assignments of error which will be addressed together, Garcia asserts:
 {¶ 4} "The court erred to the prejudice of Appellant when it claimed that it could not grant the expungement since the court always has inherent authority to order an expungement in exceptional cases and circumstances as at bar."
 {¶ 5} "The court erred to the prejudice of the Appellant in failing to issue mandatory findings of fact with regard to the factors set forth in OHIO REV. CODE § 2953.32 (C) and therefore the matter must be remanded."
 {¶ 6} R.C. 2953.32 states, in pertinent part:
 {¶ 7} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, * * *, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
 {¶ 8} "* * *
 {¶ 9} "(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (G) of this section, shall order all official records pertaining to the case sealed * * *."
 {¶ 10} However, R.C. 2953.36 prohibits expungement in the following circumstance:
 {¶ 11} "(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or2917.31 of the Revised Code that is a misdemeanor of the first degree;"
 {¶ 12} Pursuant to R.C. 2901.01, an "offense of violence" includes a violation of R.C. 2919.25, of which Garcia was convicted on April 1, 1999. The date of Garcia's conviction is significant in that the portion of R.C. 2953.36 which prohibits expungement in her situation was enacted in March of 2000. See 1999 Am.Sub.S.B. No. 13. Thus, the question remains whether this statute applies to Garcia as her conviction was in 1999 but her application for expungement was not filed until 2003.
 {¶ 13} In State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, the Ohio Supreme Court resolved that very issue. After concluding that R.C. 2953.36 was to be applied prospectively, the court addressed how to determine which version of the statutory law applies to applications to seal a conviction record. The court reasoned that the sealing of a record of conviction is a post-conviction remedy completely apart from the criminal action and, therefore, "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." Id. at ¶ 19.
 {¶ 14} Here, R.C. 2953.36(C) was clearly in effect at the time defendant filed her application to seal the record, the only date relevant to the application of the statute. Therefore, pursuant to R.C. 2953.36(C), Garcia's record of her first-degree misdemeanor could not be ordered sealed by the trial court. Regardless, Garcia still maintains that the trial court could have exercised its inherent equitable powers to grant expungement in spite of the aforementioned statute because this is an exceptional case. The Tenth District rejected this very argument in State v. Bailey (Dec. 10, 2002), 10th Dist. No. 02AP-406 explaining:
 {¶ 15} "`While it is true that a trial court has inherent power to order an expungement absent statutory authority, it is a limited power.' State v. Brasch (1997), 118 Ohio App.3d 659,663, 693 N.E.2d 1134, citing Pepper Pike v. Doe (1981),66 Ohio St.2d 374, 377, 421 N.E.2d 1303. A trial court may only order an expungement absent statutory authority in `the rare case where the accused can demonstrate unusual and exceptional circumstances.' Id., citing State v. Stadler (1983),14 Ohio App.3d 10, 11, 469 N.E.2d 911. More importantly, this power is limited to situations in which the defendant has been acquitted of the offense or the charges have been dismissed. Id.; In reApplication to Seal Record of No Bill (1999),131 Ohio App.3d 399, 403-04, 722 N.E.2d 602; Stadler, at 11, 469 N.E.2d 911."Bailey at ¶ 8. See also State v. Kidd (Apr. 29, 2005), 11th Dist. No. 2004-P-0047; State v. Wilfong (Mar. 16, 2001), 2d Dist. No. 2000-CA-75.
 {¶ 16} The Sixth District has further explained why this argument must fail explaining that:
 {¶ 17} "The Pepper Pike holding was codified in R.C. 2953.52
which now provides for the sealing of a defendant's criminal records after a finding of not guilty, a dismissal of a complaint, indictment, or information, or a no bill's entry by a grand jury. See State ex rel. Lewis v. Lawrence Cty. (1994),95 Ohio App.3d 565, 567, fn 2. The Supreme Court of Ohio later recognized that the expungement statutes no longer deem the government's interest in maintaining records more important than an individual's privacy interest. See State v. Bissantz (1988),40 Ohio St.2d 112, 114.
 {¶ 18} "Nevertheless, although the judicial power to grant an expungement request still exists, in our view, it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice. See In Re Application to Seal Record of NoBill (1999), 131 Ohio App.3d 399, 404 ("`It is not enough merely for defendant to have been acquitted. Judicial expungement is an exceptional remedy to be employed where the equities of the situation demand it." [Citations omitted.]'" State v.Chiaverini (Mar. 16, 2001), 6th Dist. No. No. L-00-1306. at 1-2.
 {¶ 19} Here, because Garcia was not acquitted of the underlying crime and the charges were not dismissed, we find her argument regarding a trial court's inherent power to grant an expungement in this situation to be misplaced. Particularly, because there is a statute controlling Garcia's situation which specifically precludes expungement.
 {¶ 20} In Pepper Pike v. Doe (1981), 66 Ohio St.3d 374, the Ohio Supreme court held that pursuant to inherent powers granted by the Ohio Constitution, a trial court in unusual and exceptional circumstances may expunge criminal records out of a concern for the preservation of privacy interest, even absent
statutory authorization.
 {¶ 21} What Pepper Pike does not address, however, is whether a trial court has such authority contrary to statutory authorization. In other words, does a trial court have the inherent power to act contrary to validly enacted and constitutionally sound legislation? The obvious answer, if one subscribes to the doctrine of separation of powers, is no. To hold otherwise would permit an unfettered judiciary to absorb the policy making function of the legislative branch and would violate Article IV, section 18 of the Ohio Constitution, which states that judges shall "have and exercise such power and jurisdiction * * * as may be directed by law."
 {¶ 22} Here, the legislature enacted R.C. 2953.36(C) which sets forth a restriction on the sealing of a record for "an offense of violence." The appellant has been found guilty of an offense statutorily categorized as "an offense of violence." There is no inherent authority for a trial court to do anything but follow the directive of law enacted by the general assembly. Accordingly, the mandates of R.C. 2953.36(C) must be followed without exception.
 {¶ 23} For the foregoing reasons, Garcia's assignments of error are meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.