DECISION
{¶ 1} Plaintiff-appellant, the State of Ohio ("appellant"), appeals from a judgment of the Franklin County Municipal Court granting an application to seal the record of conviction of defendant-appellee, David C. Miller ("Miller"), in case No. 98CRB-30729. Because Miller's conviction is not eligible for expungement, we reverse.
 {¶ 2} Pursuant to a complaint filed on November 5, 1998, in the Franklin County Municipal Court, Miller was charged with one count of menacing by stalking, in violation of R.C. 2903.211, a first-degree misdemeanor. The complaint alleged that Miller:
* * * [D]id knowingly engage in a pattern of conduct to wit: frequently drives past Cindy Wendling's residence, peering into her windows, and frequently follows Cindy Wendling while she is driving which caused another, to wit: Cindy Wendling mental distress, to wit: general anxiety.
(Complaint filed on Nov. 5, 1998.) By jury verdict, Miller was found guilty of the charge against him. Thereafter, the trial court convicted him of violating R.C. 2903.211, menacing by stalking.
 {¶ 3} On November 2, 2005, Miller moved for expungement of his conviction for menacing by stalking. Appellant subsequently filed an objection to the application, and the matter came for hearing before the trial court on February 17, 2006. By entry filed on that date, the trial court granted Miller's application.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
THE TRIAL COURT LACKED JURISDICTION TO GRANT APPELLEE'S REQUEST FOR AN EXPUNGEMENT, AND ACCORDINGLY THE TRIAL COURT'S RULING MUST BE REVERSED.
 {¶ 5} Appellant argues in its assignment of error that the trial court erred in granting Miller's application for expungement. Generally, this court reviews a trial court's disposition of an application for sealing of record for an abuse of discretion. State v. Hilbert (2001), 145 Ohio App.3d 824,827. An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. State v. Derugen (1996),110 Ohio App.3d 408, 410.
 {¶ 6} The Supreme Court of Ohio has noted that expungement is "`an act of grace created by the state,' and so is a privilege, not a right." State v. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton (1996), 75 Ohio St.3d 636, 639. Moreover, "[e]xpungement should be granted only when all requirements for eligibility are met." Simon, at 533. The procedures for sealing of a record of conviction are set forth in specific statutory provisions (R.C. 2953.31 through 2953.36), and "the conviction records of some offenders cannot be sealed." Id., citing R.C. 2953.36. It is also well-established that if an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. State v.Jithoo, Franklin App. No. 05AP-435, 2006-Ohio-4978, at ¶ 15 (citations omitted).
 {¶ 7} There are two statutes relevant to our discussion. The first is R.C. 2953.36, which identifies a number of convictions that are not eligible for expungement. Specifically, R.C.2953.36(C) provides that "convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01
or 2917.31 of the Revised Code that is a misdemeanor of the first degree[.]" Simply stated, R.C. 2953.36(C) precludes from expungement offenses of violence that are misdemeanors of the first degree. The second statute is R.C. 2901(A)(9)(a), which includes a violation of R.C. 2903.211 as an "offense of violence."
 {¶ 8} Appellant argues on appeal that because Miller's conviction for menacing by stalking, a misdemeanor of the first degree, is deemed an "offense of violence" under R.C. 2901(A)(9)(a), 2953.36(C) precluded the expungement of his conviction. Miller concedes that R.C. 2901(A)(9)(a) includes a violation of R.C. 2903.211 as "offense of violence," but responsively argues that "the statute does not indicate whether this inclusion applies only to the physical harm variant of menacing by stalking, or whether the mental distress variant menacing by stalking is also included." (Miller's appellate brief, at 3.) As a result, Miller contends that R.C. 2901(A)(9)(a) is ambiguous. He further asserts that defining the mental distress variant of menacing by stalking as an "offense of violence" is juxtaposed legislative intent, as the General Assembly "intended the definition of `offense of violence' to require, at an absolute minimum, at least some tangential relationship to actual physical violence." Id. at 5.
 {¶ 9} "The preeminent canon of statutory interpretation requires us to `presume that [the] legislature says in a statute what it means and means in a statute what it says there.'"State ex rel. Petro v. Gold, 166 Ohio App.3d 371, 394,2006-Ohio-943, quoting BedRoc Ltd., LLC v. United States
(2004), 541 U.S. 176, 124 S.Ct. 1587, 1593, quoting ConnecticutNatl. Bank v. Germain (1992), 503 U.S. 249, 253-254,112 S.Ct. 1146. Thus, it is the duty of the court to give effect to the words used, not to delete words used or to insert words not used.Erb v. Erb (2001), 91 Ohio St.3d 503, 507, citing ClevelandElec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the syllabus. As such, if the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. State exrel. Savarese v. Buckeye Local School Dist. Bd. of Edn. (1996),74 Ohio St.3d 543.
 {¶ 10} A review of R.C. 2901(A)(9)(a) discloses that it is not ambiguous and needs no interpretation. The statute expressly includes a violation of R.C. 2903.211 as an "offense of violence," and does not differentiate between conduct causing physical harm and conduct causing mental distress. Since the General Assembly did not make that distinction, neither shall we. To accept Miller's argument would require this court to read words into the statute that the General Assembly did not include, and contradict the plain meaning of the language it chose to employ. This we decline to do. See, e.g., City of Youngstown v.Garcia, Mahoning App. No. 05 MA 47, 2005-Ohio-7079, at ¶ 22 ("Here, the legislature enacted R.C. 2953.36(C) which sets forth a restriction on the sealing of a record for `an offense of violence.' The appellant has been found guilty of an offense statutorily categorized as `an offense of violence.' There is no inherent authority for a trial court to do anything but follow the directive of law enacted by the general assembly. Accordingly, the mandates of R.C. 2953.36(C) must be followed without exception.").
 {¶ 11} Accordingly, appellant's assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed and remanded with instructions to enter judgment denying Miller's application for expungement.
Judgment reversed and remanded with instructions.
Petree and Travis, JJ., concur.