OPINION
{¶ 1} This is an appeal by appellant, the state of Ohio, from an order of the Franklin County Court of Common Pleas granting an application to seal a record of conviction. No brief opposing the appeal has been filed.
 {¶ 2} Defendant-appellee, Henry Creske, was indicted by the Franklin County Grand Jury on one count of aggravated burglary, a first degree felony. Defendant later pled guilty to aggravated menacing, a first degree misdemeanor.
 {¶ 3} On September 19, 2006, defendant filed an application seeking to seal his record of conviction under R.C. 2953.32. The state of Ohio filed an objection to defendant's application on December 13, 2006, arguing that the trial court lacked *Page 2 
jurisdiction to grant defendant's application pursuant to R.C.2953.32(C), because defendant had been convicted for an offense of violence. The trial court granted defendant's application on January 24, 2007.
 {¶ 4} The state of Ohio filed a timely notice of appeal from that judgment. The appeal presents a single assignment of error that reads as follows:
 ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION TO SEAL THE RECORD OF HIS CRIMINAL CONVICTION AS R.C. 2953.36(C) BARS SEALING THE RECORD OF AN OFFENSE OF VIOLENCE. * * *
 {¶ 5} "[E]xpungement is an act of grace created by the state," and so is a privilege and not a right. State v. Hamilton (1996),75 Ohio St.3d 636, 639. Specific statutory provisions govern the sealing of a record of conviction. See R.C. 2953.31 through 2953.36. The applicant must be eligible for expungement and the offense must be one that is subject to expungement. To be eligible, an applicant must be a "first offender" as defined in R.C. 2953.32(A)(1). Further, the offense must be subject to expungement and not be excluded by R.C. 2953.36. Additionally, the application must not be filed until the time set by R.C. 2953.32(A)(1) has expired. Unless the application meets all of these requirements, the application must be denied.
 {¶ 6} At issue here is R.C. 2953.36, which identifies a number of convictions which are not eligible for expungement. R.C. 2953.36
provides, in relevant part:
 Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: *Page 3 
 (C) convictions of an offense of violence when the offense is a misdemeanor of the first degree[.] * * *
 {¶ 7} Defendant was originally charged with aggravated burglary, a first degree felony. Defendant later pled guilty to aggravated menacing, in violation of R.C. 2903.21, a first degree misdemeanor. The state of Ohio argues that aggravated menacing is an offense of violence and that the trial court lacked jurisdiction to seal defendant's record. This court agrees.
 {¶ 8} R.C. 2901.01 provides certain definitions, including the following:
 (A) As used in the Revised Code:
 (9) "Offense of violence" means any of the following:
 (a) A violation of section * * * 2903.21 [.] * * *
 {¶ 9} Applying the above provisions, it is evident that, under the plain language of R.C. 2953.36, a defendant who has been convicted of aggravated menacing pursuant to R.C. 2903.21 is ineligible to have his record sealed and the trial court should have denied the motion.
 {¶ 10} Accordingly, the state of Ohio's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions to enter judgment denying defendant's application for expungement.
Judgment reversed and remanded with instructions.
SADLER, P.J., and TYACK, J., concur.
 DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution *Page 1