[Cite as *State v. Evans*, 2014-Ohio-2081.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellant,                    :              No. 13AP-939
                                                                              (C.P.C. No. 12EP-849)
v.                                                        :
                                                                      (REGULAR CALENDAR)
Shareda A. Evans,                                :

      Defendant-Appellee.                  :

---

D E C I S I O N

Rendered on May 15, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Shareda A. Evans, to seal the record of her prior conviction. Because the trial court did not make a finding on the record that appellee had been rehabilitated to the trial court's satisfaction, we reverse.

## I. Facts and Procedural History

{¶ 2} On November 5, 2012, appellee filed an application requesting the trial court seal the record of her conviction for attempted patient abuse in violation of R.C. 2903.34, a first-degree misdemeanor. The state objected to appellee's application. Following a February 21, 2013 hearing, the trial court granted appellee's application to seal the record of her conviction, journalized in a February 22, 2013 judgment entry.

{¶ 3} The state appealed, arguing the trial court failed to make a finding that appellee had been rehabilitated under R.C. 2953.32(C)(1)(c). This court agreed, reversing the trial court's entry sealing appellee's record of conviction and remanding for further proceedings. *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891.

{¶ 4} The trial court scheduled a remand hearing for October 15, 2013. Prior to the remand hearing, the state filed supplemental objections to appellee's application arguing appellee had been convicted of an "offense of violence" and, as such, she was not an "eligible offender" within the meaning of R.C. 2953.31(A). The trial court conducted the remand hearing on October 15 and 31, 2013, and indicated it would again grant appellee's application for an order sealing the record of her conviction. On November 5, 2013, the trial court issued a judgment entry sealing the record of appellee's conviction. The state timely appeals. We note that appellee did not file a brief with this court regarding the instant appeal.

## II. Assignments of Error

{¶ 5} The state assigns the following two assignments of error for our review:

> [1.] The trial court erred in sealing the record of 11CR-2515, where [appellee] was convicted of an offense of violence.
>
> [2.] The trial court erred in granting the application to seal the record of conviction where it failed to find that [appellee] had been rehabilitated.

## III. Applicable Law and Standard of Review

{¶ 6} " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their first conviction sealed.' " *Koehler v. State*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith*, 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. R.C. 2953.31, 2953.32, and 2953.36 govern expungement proceedings and they acknowledge that individuals with a single criminal conviction may be rehabilitated. *Id.*

{¶ 7} R.C. 2953.32(A)(1) permits a first offender to apply to the sentencing court for an order sealing the record of conviction. After the offender files the application under R.C. 2953.32(A)(1), the trial court must set a hearing date and notify the prosecutor of the hearing on the application. R.C. 2953.32(B). The prosecutor may object to the

application, but the objection must specify the reason for believing the application appropriately should be denied.  R.C. 2953.32(B).

{¶ 8}  Before issuing its ruling on the application, the trial court must ascertain whether the applicant is a first offender, whether criminal proceedings are pending against the applicant, and, if the court finds the applicant is a first offender, whether the applicant has been rehabilitated to the satisfaction of the court.  *Koehler* at ¶ 13.  Further, the court must determine if the prosecutor filed an objection pursuant to R.C. 2953.32(B) and, if so, consider the prosecutor's reasons for the objection.  *Id.*  Finally, the court must weigh the applicant's interests in having the records sealed against the legitimate needs, if any, of the government to maintain the records.  *Id.*, citing R.C. 2953.32(C)(1).  An applicant's failure to satisfy any one of the requirements must result in the trial court's denial of the application.  *Id.*, citing *State v. Krantz*, 8th Dist. No. 82439, 2003-Ohio-4568, ¶ 23.

{¶ 9}  An appellate court generally reviews a trial court's disposition of an application for an order sealing the record of conviction under an abuse of discretion standard.  *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001).  An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable."  *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo.  *Id.*, citing *State v. Derugen*, 110 Ohio App.3d 408, 410 (3d Dist.1996).

## IV. First Assignment of Error – Offense of Violence

{¶ 10} In its first assignment of error, the state argues the trial court erred as a matter of law when it granted appellee's application to seal the record of her conviction.  More specifically, the state asserts attempted patient abuse is an "offense of violence" and, as such, appellee is not an "eligible offender" under R.C. 2953.31(A).  Accordingly, the state argues the trial court lacks jurisdiction to grant appellee's application.

{¶ 11} When appellee initially filed her application to have the record of her conviction sealed and during the pendency of the first appeal, the state did not raise the issue of whether attempted patient abuse qualifies as an offense of violence.  The state objected on this basis during the remand proceedings, but the trial court impliedly

overruled those objections either because it substantively disagreed with the state's argument or because it believed the state had waived that argument. Although the state did not raise the issue of whether attempted patient abuse is an offense of violence during the first appeal from this case, " 'issues concerning subject matter jurisdiction are not waived and will be considered by a reviewing court, even if objections to the jurisdiction of the subject matter have not been raised in the trial court.' " *Columbus v. Miller*, 10th Dist. No. 09AP-770, 2010-Ohio-1384, ¶ 30, quoting *Columbus v. Spingola*, 144 Ohio App.3d 76, 79 (10th Dist.2001).

{¶ 12} The court of common pleas has original subject matter jurisdiction over all justiciable matters, including all offenses and crimes committed by an adult and the post-conviction expungement applications stemming therefrom. *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 11, citing Ohio Constitution, Article IV, Section 4(B); R.C. 2931.03 and 2953.32. If an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. *State v. Miller*, 10th Dist. No. 06AP-192, 2006-Ohio-5954, ¶ 6, citing *State v. Jithoo*, 10th Dist. No. 05AP-436, 2006-Ohio-4978, ¶ 15. Thus, a trial court lacks jurisdiction to seal the record of conviction of an offense of violence. *State v. Creske*, 10th Dist. No. 07AP-102, 2007-Ohio-6775, ¶ 7; R.C. 2953.36(C).

{¶ 13} R.C. 2953.36 lists certain convictions precluded from eligibility for sealing. Generally, "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony" are prohibited from being sealed. R.C. 2953.36(C). The only statutorily stated exceptions to this list are convictions for riot and first-degree misdemeanor convictions for assault, inciting to violence, and inducing panic. As there is no statutorily stated exception for attempted patient abuse, we must determine whether attempted patient abuse meets the definition of an "offense of violence."

{¶ 14} As an initial matter, we note the November 5, 2013 judgment entry granting appellee's application to seal the record of her conviction indicates appellee was convicted of one count of first-degree misdemeanor assault. The state asserts this is a clerical error and an important one as first-degree misdemeanor assault is one of the stated exceptions in R.C. 2953.36(C) while first-degree misdemeanor attempted patient abuse is not. The state initially indicted appellee on one count of fourth-degree felony assault in violation of R.C. 2903.13. Pursuant to the guilty plea form, appellee ultimately entered a guilty plea to

the stipulated lesser included offense of attempted patient abuse in violation of R.C. 2923.02 as it relates to R.C. 2903.34, a first-degree misdemeanor.  Although the entry of conviction and sentencing states appellee entered a plea of guilty to one count of patient abuse rather than attempted patient abuse, this appears to be another clerical error.  Our previous decision in the first appeal from this case indicates the conviction was for first-degree misdemeanor attempted patient abuse.  *Evans* at ¶ 2.  Further, at the hearing on remand, the trial court acknowledged this was a conviction for attempted patient abuse.  Thus, we agree with the state that appellee's conviction was for one count of first-degree misdemeanor attempted patient abuse in violation of R.C. 2903.34, and we will analyze the case as such, though we encourage the trial court to correct the clerical mistakes in the record to reflect the proper offense of which appellee was convicted.  *See, e.g., State v. Kilgore*, 10th Dist. No. 11AP-660, 2012-Ohio-1316, ¶ 9 (stating courts possess inherent authority to correct clerical errors in judgment entries through a nunc pro tunc entry); Crim.R. 36.

{¶ 15} Pursuant to R.C. 2901.01(A)(9)(c), an "offense of violence" includes any offense "committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons."  Further, under R.C. 2901.01(A)(9)(d), an attempt to commit an offense of violence also meets the statutory definition of offense of violence.

{¶ 16} As we have stated, appellee's guilty plea form and our decision in the first appeal from this case both indicate appellee entered a guilty plea to attempted patient abuse.  Under R.C. 2903.34(A)(1), no person who is an agent or employee of a care facility shall "[c]ommit abuse against a resident or patient of the facility."  Pursuant to R.C. 2903.33(B), "abuse" means "knowingly causing physical harm or recklessly causing serious physical harm to a person by physical contact with the person."  Thus, the state argues attempted patient abuse meets the statutory definition of an offense of violence as it includes "knowingly" and "physical harm."

{¶ 17} This court has never considered the question of whether attempted patient abuse under R.C. 2903.34 qualifies as an offense of violence under R.C. 2901.01(A)(9)(c) and (d).  The state asserts attempted patient abuse must be an offense of violence because it contains "knowingly" as part of its definition; however, the state fails to address the fact that patient abuse, by its own terms, can be committed either knowingly *or* recklessly.

{¶ 18} Here, neither the guilty plea form nor the entry of conviction and sentencing contain an express statement or finding that appellee's conviction of attempted patient abuse occurred knowingly rather than recklessly. The body of the indictment, however, states appellee "did knowingly cause or attempt to cause physical harm" to the victim. (Indictment, Supplemental R. 2.) As we noted above, the indictment refers to the offense as assault under R.C. 2903.13. Because appellee eventually entered a guilty plea to attempted patient abuse and not to assault, we cannot rely on the use of the word "knowingly" in the indictment to definitively establish the mens rea attached to the ultimate conviction of attempted patient abuse.

{¶ 19} The inconsistencies in the trial court record only confuse the matter. Though we are able to discern the appropriate offense to which appellee entered a guilty plea, there is nothing in the record that makes clear whether appellee committed the offense knowingly or recklessly. Because we cannot say with certainty that attempted patient abuse, under this factual record, occurred knowingly rather than recklessly, we cannot conclude here that appellee's conviction for attempted patient abuse constitutes an offense of violence. This is not to say that patient abuse or attempted patient abuse would never meet the statutory definition of an offense of violence; rather, we limit our holding to the specific facts of this case where it is not clear from the indictment, the guilty plea form, or the judgment entry of conviction and sentencing whether appellee committed this offense knowingly or whether appellee committed this offense recklessly.

{¶ 20} Thus, we do not agree with the state that, under the specific facts of this case, appellee's conviction of attempted patient abuse is an offense of violence under R.C. 2901.01. Accordingly, we do not agree with the state that the trial court lacked jurisdiction to consider appellee's application to seal the record of her conviction. The state's first assignment of error is overruled.

## V. Second Assignment of Error – Finding of Rehabilitation

{¶ 21} In its second assignment of error, the state argues the trial court erred in granting appellee's application to seal the record of her conviction because the trial court failed to make a finding that appellee has been rehabilitated to the court's satisfaction.

{¶ 22} R.C. 2953.32(C)(1)(c) requires a trial court to determine whether an eligible offender has been rehabilitated to the court's satisfaction before granting an application to seal the record of conviction. *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796,

¶ 18, citing *In re Fuller*, 10th Dist. No. 11AP-579, 2011-Ohio-6673, ¶ 13. The applicant bears the burden to demonstrate such rehabilitation. *Id.*, citing *Evans* at ¶ 11.

{¶ 23} In our prior decision in the state's first appeal in this case, we determined reversal was appropriate because the trial court neither made a finding on appellee's rehabilitation, nor did the record include any evidence concerning appellee's rehabilitation. *Evans* at ¶ 13. As we stated in the first appeal, "[e]vidence of rehabilitation normally consists of an admission of guilt and a promise to never commit a similar offense in the future, or good character or citizenship in the community since the conviction." *Id.* at ¶ 11, citing *State v. Brooks*, 2d Dist. No. 25033, 2012-Ohio-3278, ¶ 21; *State v. Schuster*, 12th Dist. No. CA2012-06-042, 2013-Ohio-452, ¶ 22; *State v. Auge*, 10th Dist. No. 01AP-1272, 2002-Ohio-3061, ¶ 25-26. At the remand hearing, appellee apologized and stated she does not believe she poses a risk of harm to anyone. She stated she helps mentor teenagers affected by domestic violence, and she has since been able to secure employment. She also stated she is still permitted to go to the care facility and visit residents with whom she used to work, and she believes she has been rehabilitated.

{¶ 24} Additionally, appellee submitted a letter she wrote detailing why she believed she had been rehabilitated which the trial court read aloud for the record. Appelleee again apologized "for any inconvenience to the resident and his family, the community, and the courts." (Oct. 31, 2013 Tr. 10.) She stated she has been in counseling and has learned coping methods for how to handle a similar situation should she ever face one again. She further stated she loves helping people and performs community service at a local homeless shelter. Appellee also submitted a letter from her pastor indicating appellee has "repeatedly advised [her pastor] that she is remorseful for her actions and meant no harm to the other party in question." (Oct. 31, 2013 Tr. 11.)

{¶ 25} In indicating at the remand hearing that it would grant appellee's application to seal the record of her conviction, the trial court did not make an explicit finding of rehabilitation, nor did the trial court make such a finding in its entry journalizing its decision to seal the record of conviction. Although appellee presented evidence at the remand hearing that might aide the trial court in finding she has been rehabilitated, it is still the responsibility of the trial court to determine whether that evidence sufficiently demonstrates that appellee has been rehabilitated to the court's satisfaction. R.C. 2953.32.

{¶ 26} We have previously rejected an argument that a trial court can implicitly make a finding of rehabilitation required under R.C. 2953.32 by granting an application to seal records without making express findings on the record. *Fuller* at ¶ 14-16. Instead, we have determined "a trial court must make the required findings as required by R.C. 2953.32." *Id.* at ¶ 12, citing *State v. Bates*, 5th Dist. No. 03-COA-057, 2004-Ohio-2260, ¶ 26. Thus, it is an abuse of discretion for the trial court to grant the application to seal the record of conviction without making the necessary findings and "express[ing] those findings in some manner on the record," so this matter must be remanded to the trial court. *Id.* at ¶ 16, citing *In re Esson*, 10th Dist. No. 11AP-208, 2011-Ohio-5770, ¶ 19. As we stated in *Fuller*, "[o]ur holding does not imply that the trial court must reach a specific conclusion after conducting the appropriate hearing and analysis. Rather, the purpose of our remand is to ensure statutory compliance and proper consideration of the requisite statutory factors." *Id.* at ¶ 15.

{¶ 27} Accordingly, we sustain the state's second assignment of error.

## VI. Disposition

{¶ 28} Based on the foregoing reasons, the trial court erred in granting appellee's application to seal the record of her conviction without making a finding on the record that appellee has been rehabilitated to the satisfaction of the trial court. Having overruled the state's first assignment of error and sustained the state's second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court with instructions to make the necessary statutory findings on the record.

*Judgment reversed and cause remanded with instructions.*

KLATT and CONNOR, JJ., concur.