[Cite as *State v. Clemens*, 2015-Ohio-3153.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-945 |
| v. | : | (C.P.C. No. 14EP-0381) |
| Donavan L. Clemens, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 6, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellant.

*Jodelle M. D'Amico,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, the State of Ohio ("state"), appeals from a judgment of the Franklin County Court of Common Pleas, granting an application filed by defendant-appellee, Donovan L. Clemens, to seal the record of his prior conviction. The state assigns the following sole assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION TO SEAL A CONVICTION FOR AN "OFFENSE OF VIOLENCE."

Because attempted robbery is statutorily defined as an offense of violence, we reverse.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 20, 2014, defendant filed an application to seal the record of his attempted robbery conviction in case No. 96CR-154, a felony of the third degree. The facts giving rise to the conviction occurred on December 21, 1995, when defendant placed a

television and a car stereo in a shopping cart at a Target store and exited the store without paying for the items. A Target store security officer confronted defendant outside of the store. Defendant attempted to flee, and a struggle ensued between defendant, two store security officers, and an unidentified customer. One of the store security officers "suffered abrasions on her knees and a chipped tooth" and the unidentified customer suffered a "cut above his eye," as a result of the struggle. (State's Supplemental Objection to Sealing, 6.) The state indicted defendant for one count of robbery as a result of this incident. Defendant struck a plea bargain with the state, however, and pled guilty to attempted robbery, in violation of R.C. 2923.02 and 2911.02, on August 13, 1996.

{¶ 3} The state filed an objection to defendant's application on June 20, 2014, asserting that R.C. 2953.36 and 2901.01 precluded the court from granting defendant's application, as defendant's conviction was defined as an offense of violence under R.C. 2901.01(A)(9)(d). The court held a hearing on the application on July 30, 2014.

{¶ 4} At the hearing, defendant, relying on *State v. V.M.D.*, 8th Dist. No. 100522, 2014-Ohio-1844[1], asserted that the court should look beyond R.C. 2901.01, and look to the underlying facts to determine whether defendant committed an offense of violence. Defendant noted that he has struggled to find employment because of his conviction. Defendant addressed the court and explained that he "[has] done a lot of things to rehabilitate" himself, noting that he participates in the "Father 2 Father Program" where he reaches out to "other fathers as far as nurturing," and further stated that he is "effective in the community, very effective in [his] church, and [does] a lot of outreach." (July 30, 2014 Tr. 6.) The court stated that "the facts of the case would support the court finding that this was not an act of violence and make the defendant eligible" to have the record of his conviction sealed. (July 30, 2014 Tr. 7.) However, the court provided the state with additional time to ascertain the facts underlying the conviction and to address the *V.M.D.* decision. The state filed a supplemental objection to defendant's application on August 4, 2014.

{¶ 5} The trial court heard the matter again on October 18, 2014. The state asserted that, under the "plain language of the statute," attempted robbery was an offense

---

[1] The Supreme Court of Ohio accepted the state's discretionary appeal in *V.M.D.* on September 24, 2014. *State v. V.M.D.*, 140 Ohio St.3d 1438, 2014-Ohio-4160. Oral argument is scheduled for September 16, 2015.

of violence. The state further noted that *V.M.D.* was not controlling, and that the facts underlying defendant's conviction demonstrated that two individuals were injured as a result of defendant's conduct. Defendant asserted that *V.M.D.* was persuasive authority, that "there was no violence in connection with the commission" of the theft itself, and that the injuries occurred when the security officer tried to handcuff defendant. (Oct. 18, 2014 Tr. 5.)

{¶ 6}    The trial court concluded that, while it wasn't "excusing the scuffle in the parking lot," it found that "defendant was not violent when he was in the store, nor did he pose threats to anybody while in the store." (Oct. 18, 2014 Tr. 8.)  The court further noted that, while *V.M.D.* was not controlling, the court found "some of the language" from that case "compelling." (Oct. 18, 2014 Tr. 8.) The court observed that defendant had served his sentence, fully complied with the terms of his probation, and had not incurred any new criminal charges in 18 years. The court concluded that, "[i]f that that doesn't define an individual who has exhibited evidence that he's been rehabilitated, I don't know what else does." (Oct. 18, 2014 Tr. 9.) As such, the court granted defendant's application.

## II. DEFENDANT CANNOT SEAL THE RECORD OF HIS COVICTION

{¶ 7}    The state asserts that, as defendant was convicted of a crime which is statutorily defined as an offense of violence, he is not eligible to have the record of his conviction sealed. An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 1oth Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *See State v. Hoyles,* 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 8}    " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' " *Koehler v. State,* 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith,* 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' " *Koehler,* quoting *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). In Ohio, "expungement" remains a common colloquialism used to describe the process of

sealing criminal records pursuant to statutory authority. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11.

{¶ 9} Defendant moved to have the record of his conviction sealed under R.C. 2953.32. R.C. 2953.32(A)(1) provides that "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." For a felony conviction, a defendant may apply for sealing "at the expiration of three years after the offender's final discharge." R.C. 2953.31(A)(1). A court may grant expungement only when all statutory requirements for eligibility are met. *State v. Brewer,* 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White,* 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

{¶ 10} R.C. 2953.36 enumerates various convictions which are not eligible for sealing. The statute provides that R.C. 2953.31 to 2953.35 "do not apply" to "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony." R.C. 2953.36(C). R.C. 2901.01 provides that, "[a]s used in the Revised Code," the term "offense of violence" is defined as "[a] violation of section * * * 2911.02" and includes "[a] conspiracy or attempt to commit" such offense. R.C. 2901.01(A)(9)(a) and (d). R.C. 2901.02 defines the crime of robbery. Thus, because R.C. 2901.01 defines attempted robbery as an offense of violence for purposes of the Ohio Revised Code, the state asserts R.C. 2953.36(C) prohibits defendant from sealing the record of his attempted robbery conviction.

{¶ 11} The interpretation of a statute is a question of law which we review de novo. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, ¶ 6, citing *Pariag* at ¶ 9. The Supreme Court of Ohio has explained that:

> When analyzing statutory provisions, our paramount concern is to ascertain and give effect to the intention of the General Assembly. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. We primarily seek to determine legislative intent from the plain language of a statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). An unambiguous statute must be applied by giving

> effect to all of its language, without adding or deleting any words chosen by the General Assembly. *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 12.

*Id.* at ¶ 7.

{¶ 12} The trial court relied on *V.M.D.* to grant defendant's application. In *V.M.D.*, the defendant filed an application to seal the record of his attempted robbery conviction, but the trial court denied the application. The reviewing court acknowledged that the term "offense of violence" was defined in R.C. 2901.01, and that R.C. 2901.01 defined attempted robbery as an offense of violence, but held that "the term 'offense of violence' [was] not defined in R.C. 2953.31 to 2953.36, the specific code sections governing expungement." *Id.* at ¶ 10.

{¶ 13} The *V.M.D.* court noted that, in *State v. J.K.*, 8th Dist. No. 96574, 2011-Ohio-5675, it did not apply R.C. 2901.01(A)(9)(d) to determine whether the applicant's attempted arson conviction was an offense of violence. Instead, in *J.K.*, the court "reviewed the record to determine whether the facts 'clearly revealed' that the defendant committed a disqualifying 'offense of violence.' " *V.M.D.* at ¶ 13, quoting *J.K.* at ¶ 30. As the facts underlying the defendant's conviction in *V.M.D.* indicated that defendant did not carry the firearm at issue, and further indicated that the firearm was not a real, operable firearm, the court concluded that "[u]nder the particular circumstances of this case, we cannot say the record 'clearly revealed' V.D. committed a disqualifying 'offense of violence.' " *Id.* at ¶ 15. As such, the court concluded that the defendant should be permitted to seal the record of his attempted robbery conviction. Defendant asks this court to apply *V.M.D.* to the instant action and uphold the trial court's judgment.

{¶ 14} *V.M.D.*, however, as a decision from the Eighth District Court of Appeals, is non-binding authority in this court. This court has held that R.C. 2901.01 defines an offense of violence for purposes of R.C. 2953.36(C), and that an attempt to commit an offense is included within the term offense of violence. *See State v. Evans*, 10th Dist. No. 13AP-939, 2014-Ohio-2081, ¶ 15 (holding that "under R.C. 2901.01(A)(9)(d), an attempt to commit an offense of violence also meets the statutory definition of offense of violence"); *State v. Lawson*, 10th Dist. No. 12AP-771, 2013-Ohio-2111, ¶ 9 (holding that R.C. 2901.01 "does provide a definition of the term [offense of violence] for use in the

Ohio Revised Code, and * * * [w]hen applying R.C. 2953.36(C), we therefore use the definition of 'offense of violence' provided in R.C. 2901.01").

{¶ 15} Furthermore, this court has held that R.C. 2901.01(A)(9) unambiguously defines offenses of violence by reference to Revised Code sections, and does not "differentiate between conduct causing physical harm" or conduct which merely causes "mental distress." *State v. Miller*, 10th Dist. No. 06AP-192, 2006-Ohio-5954, ¶ 10. Thus, the analysis into what constitutes an offense of violence under R.C. 2953.36(C) does not involve any consideration of the factual circumstances of the underlying conviction, as R.C. 2901.01(A)(9) defines offenses of violence solely by reference to Revised Code sections. *See State v. Glass*, 10th Dist. No. 10AP-155, 2010-Ohio-4954; *Lawson*.

{¶ 16} We observe that defendant appears to have successfully rehabilitated himself and to have led a lawful, productive life in the two decades which have followed his attempted robbery conviction. Moreover, we agree that "the expungement statute[s are] 'designed to recognize that individuals with a single criminal infraction may be rehabilitated,' " and that the instant case involves a single criminal infraction and an individual who has been rehabilitated. *V.M.D.* at ¶ 16, quoting *State v. Derugen*, 110 Ohio App.3d 408, 411 (3d Dist.1996). Unfortunately, however, the applicable statutes do not permit defendant to seal the record of his conviction.

{¶ 17} Because R.C. 2901.01 provides definitions for the entire Revised Code, R.C. 2953.36(C) is part of the Revised Code, and R.C. 2901.01(A)(9)(d) defines attempted robbery as an offense of violence, R.C. 2953.36(C) precludes defendant from sealing the record of his attempted robbery conviction. As defendant was convicted of a statutory offense of violence, this court has no authority "to do anything but follow the directive of law enacted by the general assembly." *Youngstown v. Garcia*, 7th Dist. No. 05 MA 47, 2005-Ohio-7079, ¶ 22.

{¶ 18} Based on the foregoing, the state's sole assignment of error is sustained. As such, we reverse the judgment of the Franklin County Court of Common Pleas and remand the case for proceedings consistent with this decision.

*Judgment reversed; case remanded.*

TYACK and KLATT, JJ., concur.

———————————