[Cite as *State v. Crawley*, 2016-Ohio-658.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150403 |
| | | C-150422 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1407016 |
| vs. | : | *O P I N I O N.* |
| LEONARD CRAWLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 24, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from convictions for breaking and entering. Leonard Crawley and the state entered into a plea arrangement with an agreed sentence. When Crawley missed his original sentencing date, he figured—correctly—that the court would follow through on its promise to impose a longer sentence, so he moved to withdraw his pleas. He argues that the court abused its discretion when it denied his motion. We disagree. We do conclude, however, that the court erred when it failed to ask Crawley if he wanted to speak prior to sentencing, so we reverse his sentences and remand the case for a new sentencing hearing.

## I. Background

{¶2}     Mr. Crawley pled guilty to two counts of breaking and entering. The state and Crawley agreed to a total sentence of 12 months for the crimes. After accepting his guilty pleas, the trial court agreed to postpone sentencing for a month. The court warned Crawley that if he did not show for sentencing, it would not accept the agreed-upon sentence and instead would sentence him to two consecutive 12-month terms. Despite the court's warning, Mr. Crawley did not appear for sentencing, and the court issued a capias for his arrest. Mr. Crawley was arrested days later. Sentencing was scheduled a month after his arrest.

{¶3}     Days before the sentencing hearing, Mr. Crawley moved to withdraw his guilty pleas, arguing that the court had indicated that it would not impose the agreed-upon 12-month sentence. Following a hearing, the court denied the motion. The court then sentenced Crawley to two consecutive 12-month sentences. Mr. Crawley now appeals.[1]

---

[1] Both Mr. Crawley and his appointed appellate counsel filed notices of appeal. Those appeals have been consolidated for this opinion.

## II. The Court Didn't Err in Denying the Motion to Withdraw the Pleas

{¶4}     Mr. Crawley claims in his first assignment of error that the court erred when it denied his motion to withdraw his pleas.  He insists that the court abused its discretion, particularly because presentence motions to withdraw pleas should be "freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶5}     We have outlined factors to guide our determination of whether a trial court abused its discretion in refusing to allow a plea to be withdrawn.  We consider (1) whether the defendant was represented by competent counsel, (2) whether the trial court conducted a full Crim.R. 11 colloquy with the defendant, (3) whether the court held a full hearing on the defendant's motion, (4) whether the defendant's motion was timely and supported by specific reasons, (5) whether the defendant was possibly not guilty of the charges, and (6) whether the state would be prejudiced.  *State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2081, ¶ 5; *see State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

{¶6}     Here, Mr. Crawley filed the motion to withdraw his pleas days before the rescheduled sentencing date.  The court held a hearing on the motion during which Crawley did not challenge the competency of counsel or the voluntariness of the pleas. Although appellate counsel now suggests that it was "possible" Crawley was not guilty of the offenses, the lone basis of the motion filed with the trial court was that, because he had not shown up for the original sentencing date, Crawley faced a longer sentence.  But "buyer's remorse" is not a sufficient reason to allow the withdrawal of a plea.  The court did not abuse its discretion when it denied the motion.  The first assignment of error is overruled.

### III. The Trial Court Erred in Denying Crawley's Right of Allocution

{¶7} Following its denial of Crawley's motion to withdraw his pleas, the court proceeded with sentencing. It did what it said it would do if Crawley failed to show for his original sentencing date and imposed two consecutive 12-month sentences. In his second assignment of error, Mr. Crawley maintains the court erred when it considered his failure to appear as a factor for imposing consecutive sentences. But we do not reach this assignment of error because the third assignment of error—that the court erred when it failed to provide Crawley his right of allocution—is dispositive.

{¶8} "At the time of imposing sentence, the court shall * * * afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1). The failure to afford a defendant his right of allocution is not insignificant. "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). Here, the court addressed Crawley's counsel and allowed him to speak in mitigation. But at no point did the court address Crawley to ask if he wished to speak. This was error.

{¶9} Having concluded that the court erred, we must consider whether the error was harmless. *State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 8; *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2008). In *Thompson*, we held the error to be harmless where the court addressed the defendant and asked for the reason for his actions before indicating the sentence it would impose and then gave the defendant a further opportunity to speak before it entered judgment. *Thompson* at ¶ 12. No such opportunity was provided Crawley; at no point during the

sentencing hearing did Crawley speak and at no point did the court ask Crawley if he wished to speak.

{¶10} The state argues that the error was harmless because "there is no indication in the record that Crawley wished to speak or that he would have added anything to what counsel had already said." But Crawley's silence without the court asking him if wanted to speak did not waive his right of allocution. *See Campbell* at 324-325. And the notion counsel's argument may substitute for the defendant's allocution has been rejected: "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). Mr. Crawley should have been given the opportunity to address the court. We conclude that the court's error in not affording Crawley his right of allocution was not harmless. The third assignment of error is sustained, and the second assignment of error is rendered moot.

{¶11} We therefore reverse the sentences and remand the case to the trial court for resentencing. In all other respects, the judgment of the court is affirmed.

Judgment accordingly.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.